# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:08CR00024-034 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| KEESHA LACREE ROBBINS, | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Keesha Lacree Robbins, Pro Se Defendant.*

The defendant, previously sentenced by this court on February 20, 2009, to 180 months imprisonment, has filed a pro se pleading entitled "Clarification of Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255." For the following reasons, the motion will be denied.

On September 8, 2015, by Standing Order, the Federal Public Defender for this District was appointed to represent the defendant in connection with a possible claim under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Thereafter, the defendant herself filed on June 13, 2016, a motion entitled "Pro Se Motion for Modification of Sentence Pursuant to 18 U.S.C. 924(c) (Johnson v. United States)," and on June 20, 2016, another pro se motion entitled "Permission and Clarification to File a (2255) Motion & Request for Appointment of Counsel as

Per New Supreme Court Decisions in Johnson & Welch & Permission for Filing to be Permitted in Abeyance Due to Johnson Petition Deadline." On June 22, 2016, the court by order advised the defendant pursuant to *Castro v. United States*, 540 U.S. 375 (2003), of her opportunity to elect whether or not she wished the court to address the document as a motion under 28 U.S.C. § 2255. The defendant was directed to either advise the court within 15 days of her objection to her document being treated as a motion under § 2255, or to file a completed § 2255 motion with a form that was included with the order. On June 23, 2016, the Federal Public Defender filed a motion seeking to withdraw as counsel on the ground that, after investigation, counsel found no grounds for relief under *Johnson*. That motion to withdraw was granted by order entered June 24, 2016.

On August 30, 2016, the court dismissed the defendant's motion filed June 20, 2016, on the ground that she had failed to comply with the court's order of June 22, 2016.

On October 24, 2016, the defendant filed the present motion, alleging that she had in fact filed a competed § 2255 form as directed within the time specified, and included a copy of the completed form alleged filed.

Even assuming that the defendant filed a proper and timely § 2255 motion, she is not entitled to any relief. The record shows that while she pleaded guilty to and was sentenced under 18 U.S.C. § 924(c), the charged conduct was the use or

possession of a firearm in furtherance of a drug trafficking offense and not in furtherance of a crime of violence. *See* 18 U.S.C. § 924(c)(1)(A). The *Johnson* decision thus cannot apply, since it was only involved with the definition of a crime of violence.

For these reasons, it is **ORDERED** that the defendant's motions (ECF Nos. 3382 and 3451) are DENIED. A certificate of appealabiltiy is DENIED.

ENTER: May 11, 2017

/s/ James P. Jones
United States District Judge